(No. 67040.

*In re* CARROLL L. OWENS *et al.*, Attorneys, Respondents.

*Opinion filed October 17, 1991.*

Albert S. Krawczyk, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Robert B. Oxtoby, of Van Meter, Oxtoby & Funk, of Springfield, for respondents.

PER CURIAM: This matter is before the court on exceptions filed by the Administrator and the respondents. The Administrator's exception is to the discipline recommended by the Review Board. The respondents' exception is to the use by the Administrator of the civil fraud judgment. Furthermore, respondents assert that the Administrator failed to prove the misconduct by clear and convincing evidence.

On February 26, 1986, the Administrator of the Attorney Registration and Disciplinary Commission (Administrator) filed a two-count complaint with the Hearing Board charging the respondents, Carroll L. Owens and Gerald Dee Owens, with professional misconduct. The complaint alleged that the respondents formed a partnership with Bert Beatty and John Beatty to obtain a Federal Communication Commission (FCC) FM radio station license and operate the station in Benton, Illinois. An application was filed by the respondents, but prior to

the FCC's issuing a license, the respondents revised the application, excluding the Beattys without their knowledge and consent. The license was then issued to the respondents. The respondents deny that they wrongfully excluded the Beattys from the partnership, claiming instead that the Beattys voluntarily withdrew from the partnership. Count II of the complaint sets out the civil fraud suit in which the Beattys prevailed.

This matter was before the court in *In re Owens* (1988), 125 Ill. 2d 390, and we remanded to the Hearing Board for an evidentiary hearing on the underlying facts of the complaint (counts I and II). The complaint charges the respondents (Owens brothers) with engaging in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of Rule 1—102(a)(4) of the Code of Professional Responsibility (Code) (107 Ill. 2d R. 1—102(a)(4)); conduct that is prejudicial to the administration of justice in violation of Rule 1—102(a)(5) of the Code (107 Ill. 2d R. 1—102(a)(5)); entering into a business transaction with clients Bert Beatty and John Beatty (Beatty brothers) in which they and their clients have conflicting interests, without the clients' consent after full disclosure, in violation of Rule 5—104(a) of the Code (107 Ill. 2d R. 5—104(a)); intentionally prejudicing or damaging their clients during the course of the professional relationship in violation of Rule 7—101(a)(3) of the Code (107 Ill. 2d R. 7—101(a)(3)); knowingly making a false statement of fact in violation of Rule 7—102(a)(5) of the Code (107 Ill. 2d R. 7—102(a)(5)); and engaging in conduct that tends to bring the court and the legal profession into disrepute and gives the appearance of impropriety. Count II contains all of the allegations in count I and alleges that the Beatty brothers successfully sued the Owens brothers for civil fraud as the result of the respondents', the Owens brothers', excluding the Beatty brothers from the partnership.

On June 21, 1989, the Hearing Board conducted the hearing. Based on the evidence presented and the documents submitted, the Hearing Board, without considering the civil court judgment or findings as evidence of the conduct alleged, found that the evidence clearly and convincingly showed that the respondents were guilty of the violations charged. However, the Hearing Board found that the proof was not sufficient as to Rule 1—102(a)(5): conduct that is prejudicial to the administration of justice. The Hearing Board recommended that the Owens brothers be suspended from the practice of law for one year. The Review Board concurred in the findings of law and facts of the Hearing Board, but recommended that the respondents be censured.

The Hearing Board found that, on July 15, 1970, Bert and John Beatty and respondents entered into a written partnership agreement for the purpose of operating an FM radio station in Benton, Illinois. The name of the partnership was the Rend Lake Broadcasting Company. The Beatty brothers were not attorneys and the respondents prepared the partnership agreement. The Beatty brothers were to provide technical advice, and John Beatty agreed to provide, and did provide, some financial funding. The respondents agreed to provide legal services, including, but not limited to, obtaining an FCC FM broadcasting license. In August 1970, the Owens brothers filed an application for an FCC FM license on behalf of the partnership, and attached thereto was a copy of the partnership agreement of July 15, 1970.

On July 3, 1971, the FCC denied the application. In November 1971, respondents filed another application with the FCC on behalf of the partnership and attached to this application a copy of the July 15, 1970, partnership agreement. From November 1971 to October 19, 1972, the respondents communicated with the FCC concerning amendments to the second application (Novem-

ber 1971). During this period (November 1971 to October 19, 1972), the respondents represented to the FCC that the November 1971 application was made on behalf of the July 15, 1970, partnership. From July 15, 1970, to October 19, 1972, the Beatty brothers never informed the respondents that they intended to withdraw from the partnership. The Beatty brothers did not take any action to withdraw from the partnership from July 15, 1970, to October 19, 1972.

On October 19, 1972, Carroll L. Owens sent a letter to the FCC stating that the Beatty brothers were proceeding to withdraw from the partnership. Gerald Dee Owens was aware of the contents of the letter and consented to its being sent to the FCC. The respondents did not inform the Beatty brothers of the contents of the October 19, 1972, letter, and that it was sent to the FCC. The Hearing Board found that the Beatty brothers were not proceeding to withdraw from the partnership of July 15, 1970, as stated in the October 19, 1972, letter to the FCC.

On January 1, 1973, the respondents drafted a new partnership agreement that did not include the Beatty brothers. This agreement was in substantially the same form as the partnership agreement of July 15, 1970, still using the name Rend Lake Broadcasting Company. The existence of the new agreement was not disclosed to the Beatty brothers. On March 19, 1973, the respondents amended the second application of November 1971 and attached a copy of the new partnership agreement of the Owens brothers dated January 1, 1973. The respondents did not tell the Beatty brothers that they had filed an amendment to the November 1971 application. In April 1973, the FCC approved the amended application (November 1971) to which the new partnership agreement (January 1, 1973) was attached, and the FCC issued a li-

cense to the respondents to construct and operate an FM radio station in Benton, Illinois.

The respondents argue that the findings of fact and conclusions of the Hearing Board, adopted by the Review Board, are manifestly against the weight of the evidence, and that the findings and conclusions are not supported by clear and convincing evidence. The Hearing Board, however, was in the best position to observe the demeanor of all the witnesses, judge their credibility and evaluate conflicting testimony. (*In re Demuth* (1988), 126 Ill. 2d 1.) The Board's findings will not be disturbed.

However, we must disagree with some of the conclusions of the Hearing Board with respect to violations concerning attorney-client relationships. Specifically, we disagree with the Hearing Board's conclusions that the Owenses violated Rule 5—104(a) and Rule 7—101(a)(3) of the Code of Professional Responsibility. Although the Hearing Board's findings of fact are entitled to deference similar to that of any trier of fact (*In re Demuth*, 126 Ill. 2d at 8), it is nevertheless the responsibility of this court to correct errors in the application of those facts to the law (*In re Harris* (1982), 93 Ill. 2d 285, 292).

Rule 5—104(a) addresses situations wherein a lawyer wrongfully enters into a business transaction with a client. Our review of the record indicates the Beattys had not retained the Owenses as attorneys prior to the formation of the partnership. The report of the Hearing Board does not include the finding that the Beattys were represented by the Owens brothers. Furthermore, the testimony of the parties before the Hearing Board shows that neither of the Beattys was represented by either of the Owenses in any capacity before the partnership was formed. The Owenses and the Beattys began their relationship as partners in a business endeavor. As such, the respondents did not violate Rule 5—104(a).

Rule 7—101(a)(3) addresses situations in which a lawyer intentionally prejudices his client during the course of a professional relationship. The Hearing Board found that the Owens brothers were functioning as attorneys for the partnership. Presumably, the violation of Rule 7—101(a)(3) is based upon this fact. We fail to connect the two, however. The "client," the partnership, was not prejudiced by the action of the Owenses. The purpose of the partnership, the acquisition of an FM radio station license, was fulfilled. The client suffered no ills from the action of the Owenses. The Beattys were prejudiced, but as we have pointed out, they were not clients, but simply business associates. No violation of Rule 7—101(a)(3) occurred.

This is not to say that some duty on the part of the Owenses was not breached. We believe they violated their fiduciary responsibility to their partners in the partnership, an action which created the appearance of impropriety. This does not make them guilty of violating a professional responsibility with respect to their clients, however. We find no error with the remainder of the Hearing Board's conclusions.

Respondents' second contention is that the Hearing Board improperly considered the civil fraud case. Furthermore, they contend, factual findings in a civil fraud case should not be given offensive collateral estoppel effect in a disciplinary proceeding where a summary judgment was granted the Administrator, and the only testimony heard was in mitigation. "The risk of unfairly imposed discipline is too great, and the economy to be gained too minimal, to warrant such an abridgement of the disciplinary process." (*Owens*, 125 Ill. 2d at 401.) In *Owens*, this court remanded for an evidentiary hearing on the underlying fact of the complaint. We did not, however, preclude the Hearing Board from taking "judicial notice" of a public record, namely the findings and

judgment in the civil fraud case. Although a civil judgment may not be the only factor of consideration of a Hearing Board, it nevertheless may be a component in the greater whole of the Board's decision. Even so, the findings of the Hearing Board explicitly state that the civil acton was not used as evidence of the conduct alleged. We see no reason to question that finding.

Having determined that the respondents' actions constitute professional misconduct, we must decide what, if any, discipline is warranted.

In the instant case, the Hearing Board described the conduct of each of the respondents as grievous and involving moral turpitude and recommended that each respondent be suspended for one year. The Administrator is asking that respondents be disbarred. In considering the sanctions to be imposed, we observe that the purpose of an attorney disciplinary proceeding is to preserve the integrity of the legal profession and to protect the public interest.

The Review Board, in recommending censure rather than a suspension for one year as the Hearing Board recommended, found that the mitigating evidence involved long and unblemished careers in the law with this exception. Neither of the respondents had been sanctioned for unethical conduct prior to or since this disciplinary proceeding was initiated.

Carroll L. Owens has been a member of the bar since 1968. Gerald Dee Owens has been a member of the bar since 1965. Carroll Owens testified that he has served as public defender in two counties, and as president of the Franklin County Bar Association. He has also performed *pro bono* legal work. Gerald Owens testified that he has served as city attorney for Benton, Illinois, and State's Attorney for Franklin County, has been a member of the 708 Mental Health Board on behalf of Franklin County since 1968, and has performed *pro bono* legal work. The

respondents made restitution to the Beatty brothers by conveying an interest in the FM radio station. The former mayor and former police chief of Benton, L. Gene Hill, testified that he has known the respondents for 30 years on a social, political and professional basis, and that each of the respondents had a very good reputation for personal integrity, honesty and the ethical practice of law.

Other witnesses, including the former director of the Administrative Office of the Illinois Courts, and the executive vice president of the Rend Lake Conservation District, each testified to the respondents' good reputations as honest and law abiding citizens and good family men who were active in church and community affairs. The Administrator presented no evidence in aggravation.

Mitigating factors that must be taken into account include "the length of time in practice, previous misconduct, whether and when restitution is made if it is owing, community service, *pro bono* legal work, and the testimony of character witnesses and professional colleagues." *In re Lenz* (1985), 108 Ill. 2d 445, 453-54, 484; see *In re Powell* (1988), 126 Ill. 2d 15; *In re Williams* (1986), 111 Ill. 2d 105; *In re Demuth* (1988), 126 Ill. 2d 1.

The events in this case took place 19 years ago. "In determining the appropriate sanction to impose, consideration must be given to a goal of uniform application of discipline on the merits of each individual case." As was stated in the previous opinion related to this matter, the conduct of the Owenses is reprehensible. We cannot, however, disregard the fact that nearly two decades have passed since the conduct in question occurred. Although the simple passage of time is not grounds for reducing the deserved disciplinary action, we cannot ignore the mitigating circumstances which have taken place over the past score of years. The respondents

have, with the exception of the conduct involved here, conducted themselves with a degree of involvement sufficient to establish mitigation of their discipline. Commensurate with this is the absence of any other behavior warranting investigation by the disciplinary authorities of this State. We find the sum of these factors to be significant.

On the facts of this case, we determine that censure is an appropriate discipline. Therefore, Carroll L. Owens is censured, and Gerald Dee Owens is censured.

*Respondents censured.*